### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATHENA SHIPPING PTE. LTD., | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO.:24-682 |
| | * | |
| v. | * | SECTION |
| | * | |
| | * | JUDGE: |
| LOUIS DREYFUS COMPANY | * | |
| SUISSE S.A. | * | MAGISTRATE JUDGE: |
| | * | |
| | * | |
| Defendants. | * | |

*********************************************************************

### VERIFIED COMPLAINT FOR RULE B ATTACHMENT

Plaintiff, Athena Shipping Pte. Ltd. (hereinafter "Athena" or "Plaintiff"), by and through undersigned counsel, files this Verified Complaint against Defendant, Louis Dreyfus Company Suisse S.A. (hereinafter "LDC" or "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is brought under the provisions of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as within the meaning of Rule 9(h) of Federal Rules of Civil Procedure.

2. Venue is proper in this District Court pursuant to Supplemental Admiralty Rule B and 28 U.S.C. § 1391(b), because the property belonging to the Defendant, *to wit,* bunkers on board the M/V DUTCHESS EMERALD, is or will be located within the Middle District of Louisiana during the pendency of this action.

3. At all times material hereto, Athena was and still is a business entity organized under the laws of Singapore.

4. At all times material hereto, Defendant LDC was and still is a foreign business entity organized under the laws of Switzerland.

## THE FACTS

5. Plaintiff, as disponent owner of the M/V LMZ PHOEBE, entered into a voyage charter party agreement dated April 18, 2022 which incorporated the Synacomex 2000 charter form, with LDC as charterer, for carriage of a cargo of bagged rice from India to various discharge ports in Africa. *See* 18 April 2022 Fixture Note, attached as Exhibit 1.

6. The charter party agreement between Athena and LDC is a maritime contract.

7. The parties agreed to arbitration of disputes arising out of the maritime contract in London with English law to apply.

8. The charter party between Athena and LDC provided that LDC is responsible for all cargo claims arising from the said voyage. Specifically,

> Charterers to also indemnify owners of any claims of cargo shortages or cargo damages by receivers. …. Cargo damages, if so proven exclusively due to sea water ingress during the ensuing voyage, and any other cargo claims, if any, to be settled under the auspices of inter club agreement rules. *Id.*, p. 8.

9. Following discharge and delivery of the bagged rice cargo in four West African ports, cargo receivers pursued claims against the vessel's head owners, Phoebe Shipping, Ltd., for alleged cargo shortage and damage claims under the applicable bills of lading.

10. Thereafter, the vessel's owners, Phoebe Shipping, allegedly settled three of the four claims presented by cargo receivers as follows:

      A.     BsL LMZ/KKD -01+02 and 03M – Euros 167,500.

      B.     BsL LMZ/KKD-02d, 03, 04, 05, + 06 to -08D – Euros 59,000.

      C.     BsL LMZ/KKD-01, -09d, -10d – Euros 27,000.

*See* Settlement Releases, attached as Exhibit 2, *in globo*.

11. The fourth cargo claim arising from the referenced voyage of the LMZ PHOEBE, which has not been settled, arises under BL LMZ/KKD-01LO and is for alleged shortage and handling damage at Luanda and Lobito, Angola in the amount of US$150,636.47.

12. Phoebe Shipping made demand on Athena to secure and settle the four cargo claims, and thereafter to indemnify Phoebe for the three cargo claims referenced in Paragraph 10 above after it settled those claims directly with the receivers.

13. On or about March 25, 2024, Phoebe Shipping filed pleadings in the United States District Court for the Eastern District of Virginia seeking the attachment of certain property of Athena on two vessels headed to Virginia as security for claims against Athena for indemnity as to the cargo damage claims referenced above, and for legal interest, costs and attorneys' fees. See Verified Complaint in the Virginia Action, attached as Exhibit 3.

14. Thereafter, on March 29, 2024, the United States Marshal for the Eastern District of Virginia served the master of one of those vessels, the M/V KEY FUTURE, with the Verified Complaint and a Writ of Attachment of the bunkers aboard that vessel. See Process Receipt and Return, attached as Exhibit 4.

15. Then, on March 31, 2024, Athena's P & I insurer, the West of England Ship Owners Mutual Insurance Association (Luxembourg), posted a Letter of Undertaking in the amount of US$459,181.65 to Phoebe Shipping as security for the claims asserted by Phoebe against Athena

in the Virginia proceeding, and to obtain the release of the attachment in that action. See Letter of Undertaking, attached as Exhibit 5.

16. Since first being notified of the referenced cargo claims, Athena has notified Defendant LDC of the cargo receivers' and the head owners' claims and has requested that LDC provide counter security to Athena for the security it posted to Phoebe Shipping and directly to the remaining outstanding claim by cargo receivers, and also to settle Phoebe Shipping's indemnity claim and the fourth cargo claim in the amount of US$150,636.47, all of which LDC has denied and refused to provide, despite the clear and express wording of the charter agreement between Athena and LDC.

17. LDC's failure to resolve the cargo claims directly and/or to provide security for same is a breach of the charter party agreement by LDC.

## APPLICATION FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

18. Plaintiff restates and re-alleges each and every allegation contained in the above and foregoing Verified Complaint.

19. Plaintiff's claim for breach of the charter party agreement is a maritime claim.

20. This is an ancillary proceeding, brought to obtain jurisdiction over Defendant and to obtain security for Plaintiff's claims in aid of a London arbitration proceeding which is pending or will during the pendency of this action be filed.

21. Plaintiff's claim against LDC for breach of the charter party is for indemnity of any liability Plaintiff may incur to Phoebe Shipping as discussed, including applicable interest, costs, and attorneys' fees Phoebe Shipping claims from Athena in London arbitration, plus the unsettled

fourth cargo claim, all of which is currently estimated to total no less than **US$579,177.20** at current exchange rates**.**

22. In addition, interest, costs, and attorney's fees are routinely awarded to the prevailing party under English Law and the procedural rules of London arbitration. Plaintiff expects to incur, and recover from LDC, at least **US$275,000** in interest, costs and attorney's fees defending head owners' claim in London arbitration, and prosecuting Athena's indemnity claim against LDC, bringing Athena's total claim against LDC here to **US$854,177.20**.

23. Defendant LDC is not present and cannot be found in the District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Law Claims. *See* Declaration of Peter B. Sloss, attached as Exhibit 6. Notwithstanding, the Defendant has or will have within the District tangible or intangible personal property including bunkers, assets, accounts, freights, monies, charter hire, credits, effects, payments, goods and services, bills of lading, cargo and the like, which is subject to attachment as security for Plaintiff's claim.

24. Plaintiff has conducted an investigation and made maritime industry inquiries of Defendant's regular business activities due to the outstanding debts caused by the Defendant's breach of the charter party agreement.

25. Those investigations and industry inquiries have revealed that pursuant to a separate time charter agreement, the M/V DUCHESS EMERALD (IMO 9968360 ) is under time charter to LDC and is or will during the pendency of this action be within the Middle District of Louisiana.

26. Upon information and belief, the M/V DUCHESS EMERALD (IMO 9968360) is expected to load bulk coal and/or related cargo at the Burnside Impala Terminal in the Lower Mississippi River, Mile Marker 170 AHP, which is within this District.

27. Upon information and belief, the DUCHESS EMERALD has on board tangible physical property of said Defendant, specifically bunkers onboard the vessel, as well as other tangible and/or intangible property located onboard which is subject to attachment as security for Plaintiff's maritime claims.

28. It is standard in the market and in time charterer's service for the charterer such as LDC to own the bunkers onboard the vessel.

29. Accordingly, Plaintiff has the good faith belief that the bunkers onboard the DUCHESS EMERALD are assets of Defendant which are or will be located in this District.

30. Pursuant to Supplemental Admiralty Rule B, Athena is entitled to process of maritime attachment and garnishment of all tangible and intangible property of LDC located within the judicial district of this Honorable Court, including, but not limited to, bunkers onboard the DUCHESS EMERALD.

        **WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

    A.     That process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction be issued against Defendant, Louis Dreyfus Company Suisse S.A., and that said Defendant be cited to appear and answer the allegations of this Verified Complaint;

    B.     That because Defendant cannot be found within this district, all of its respective tangible or intangible property within this district, including physical

property, or any property in which Defendant has an interest, such as debts, obligations, credits, effects, or property of any kind belonging to, claimed by, or held for the benefit of, the Defendant, be attached and seized pursuant to Supplemental Admiralty Rule B for Certain Admiralty and Maritime Claims;

C.   That if Defendant fails to appear and answer this matter once property has been attached and notice and service of same provided consistent with the Federal Rules of Civil Procedure and the Supplemental Admiralty Rules, judgment be entered against the Defendant in the sum of **US$854,177.20**, or such other amount as will be awarded in arbitration, with applicable interest and costs, and the proceeds of the assets attached be applied in satisfaction thereof.

D.   That the Court grant Plaintiff such other and further relief as it deems just, equitable and proper.

**MURPHY, ROGERS, SLOSS,
GAMBEL & TOMPKINS**

*/s/ Peter B. Sloss*

Peter B. Sloss (#17142)
Timothy D. DePaula (#31699)
R. Michael Herman (#40818)
psloss@mrsnola.com
tdepaula@mrsnola.com
mherman@mrsnola.com
701 Poydras Street, Suite 400
New Orleans, LA 70139
Telephone: (504) 523-0400
Facsimile: (504) 523-5574
*Attorneys for Athena Shipping Pte. Ltd.*

**PLEASE ISSUE PROCESS TO AND SERVE:**
Louis Dreyfus Company Suisse SA
c/o the Master of the M/V DUCHESS EMERALD
Impala Terminal Burnside
River Rd., Darrow, Louisiana 70725

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ATHENA SHIPPING PTE. LTD, | * | CIVIL ACTION |
| Plaintiff, | * | NO.: |
| v. | * | SECTION |
| | * | JUDGE: |
| LOUIS DREYFUS COMPANY SUISSE S.A. | * | MAGISTRATE JUDGE: |
| Defendants. | * | |

*********************************************************************

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746 I, JITESH JAIPURIYAR,, hereby declare under penalty of perjury:

1. I am a representative of Plaintiff Athena Shipping Pte. Ltd. and authorized to act on the company's behalf;

2. I have read the foregoing Verified Complaint and Exhibits and know the contents thereof; and

3. I verify that I believe the allegations contained therein to be true to my own knowledge, except as to matters stated to be upon information and belief, and as to those matters, I believe them to be true. The grounds for my belief are based upon my personal knowledge gained during the course of my professional duties and my review and familiarity with correspondence, records, and other relevant documents and information maintained in the Plaintiff's ordinary course of business, as well as information obtained from employees and representatives of the Plaintiff through its agents, underwriters, and/or attorneys.

4. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: August 20, 2024                    By: _____